DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for the Defendant Moshe Maman*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Steven R. Schoenfeld, Esq.
Jonathan S. Pasternak, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**In re:**

**ESPRESSO MANAGEMENT HOLDINGS,**          **Chapter 7**
**INC., ET AL.**
                                            **Case No. 16-12413 (MEW)**

                                **Debtor.**
-----------------------------------------------------------------X
**JIL MAZER-MARINO, as chapter 7 trustee**
**for AF-1, LLC, AF-22, LLC, F-6 CHELSEA,**
**INC., and ESPRESSO STORES, INC.**

                                **Plaintiff,**

                **v.**
                                            **Ad. Proc. No. 18- 01555 (MEW)**

**MOSHE MAMAN, GIDON MAMAN, LILACH**        **JURY TRIAL DEMANDED**
**MAMAN, MOSHE LIRON, LOLA 8 WEST, LTD.,**
**LOLA 339 FORDHAM ROAD, INC., A STORES**
**NY LTD., ESPRESSO KITCHEN, LLC, AND**
**PAKOD, INC.**

                                **Defendants.**
-----------------------------------------------------------------X


**<u>ANSWER BY DEFENDANT MOSHE MAMAN TO COMPLAINT</u>**

        Defendant Moshe Maman ("Defendant"), by his attorneys, DelBello Donnellan

Weingarten Wise & Wiederkehr, LLP, for his answer to the complaint states as follows:

1

## NATURE OF ACTION

1.          The allegations contained in Paragraph 1 constitute at least in part conclusions of law with respect to which no responsive pleading is necessary, and are otherwise denied except Defendant admits that he was one of the people with signatory authority over certain bank accounts.

2.          Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

3.          The allegations contained in Paragraph 3 constitute conclusions of law with respect to which no responsive pleading is necessary. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint

## JURISDICTION AND VENUE

4.          The allegations contained in Paragraph 4 constitute conclusions of law with respect to which no responsive pleading is necessary. To the extent a response is required, denies the allegations of paragraph 4 of the Amended Complaint and states that Defendant does not consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

5.          The allegations contained in Paragraph 5 constitute conclusions of law with respect to which no responsive pleading is necessary. To the extent a response is required, denies the allegations of paragraph 4 of the Amended Complaint and states that Defendant does not consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

2

6.        The allegations contained in Paragraph 6 constitute conclusions of law with respect to which no responsive pleading is necessary. To the extent a response is required, denies the allegations of paragraph 4 of the Amended Complaint and states that Defendant does <u>not</u> consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

7.        The allegations contained in Paragraph 7 constitute conclusions of law with respect to which no responsive pleading is necessary. To the extent a response is required, denies the allegations of paragraph 4 of the Amended Complaint and states that Defendant does <u>not</u> consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

<u>**THE PARTIES**</u>

8.        Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 8 of the Complaint.

9.        Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10.       Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

11.       Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12.       Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13.       Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14.       Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15.       Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

3

16.      Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17.      Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

## FACTUAL ALLEGATIONS

### A.  The Debtors' Bankruptcy Cases

18.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 18 of the Complaint.

19.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 19 of the Complaint.

20.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 20 of the Complaint.

### B.      The Debtors' Connections to Shlomo Levi and Moshe Maman

21.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 21 of the Complaint.

22.      Defendant denies the allegations contained in Paragraph 22.

23.      Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 24 of the Complaint.

25.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 25 of the Complaint.

26.      Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 27 of the Complaint except Defendant

4

admits that was involved in opening certain bank accounts.

28.        Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29.        Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30.        Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31.        Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 31 of the Complaint except Defendant admits that he was one of the people with signatory authority over certain bank accounts.

32.        Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33.        Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34.        Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35.        Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36.        Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

**C.        Espresso Dream, LLC**

37.        Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 37 of the Complaint.

38.        Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39.        Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40.        Defendant denies the allegations set forth in Paragraph 40 of the Complaint except Defendant admits that he was a guarantor of certain leases and avers that Shlomi Levi may have been a guarantor of certain leases.

41.        Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42.        Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43.      Defendant denies the allegations set forth in Paragraph 43 of the Complaint

44.      Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45.       Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46.      Defendant admits the allegations set forth in Paragraph 46 of the Complaint.

47.      Defendant admits the allegations set forth in Paragraph 47 of the Complaint.

48.      Defendant admits the allegations set forth in Paragraph 48 of the Complaint.

49.      Defendant admits the allegations set forth in Paragraph 49 of the Complaint.

50.      Defendant admits the allegations set forth in Paragraph 50 of the Complaint

51.      Defendant admits the allegations set forth in Paragraph 51 of the Complaint

52.       Defendant admits the allegations set forth in Paragraph 52 of the Complaint but
Defendant avers that Espresso Dream, LLC may be amending its IRS Form 1040.

53.       Defendant admits the allegations set forth in Paragraph 53 of the Complaint.

54.       Defendant admits the allegations set forth in Paragraph 54 of the Complaint.

55.       Defendant admits the allegations set forth in Paragraph 55 of the Complaint.

56.       Defendant denies the allegations set forth in Paragraph 56 of the Complaint and
Defendant refers the Court to the to the referenced disclosure statement for its content, meaning
and effect.

57.       Defendant denies the allegations set forth in Paragraph 57 of the Complaint and
Defendant refers the Court to the to the referenced disclosure statement for its content, meaning
and effect.

     **D.**    **Transfers of Debtor Property Caused by Moshe Maman**

         **i.**      **Transfers Made by AF-1, LLC**

58.        Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

59.        Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

ii.        **Transfers Made by F-6 Chelsea, Inc.**

60.        Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

61.        Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

iii.        **Transfers Made by AF-22, LLC**

62.        Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

63.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

64.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 64 of the Complaint.

65.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 65 of the Complaint.

66.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 66 of the Complaint.

iv.          **Transfers Made by Espresso Stores, Inc.**

67.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

68.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

69.      Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70.      Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

71.      Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

72.         Defendant denies the allegations set forth in Paragraph 72 of the Complaint except Defendant avers that the referenced payments were compensation for Defendant's services.

73.         Defendant denies the allegations set forth in Paragraph 73 of the Complaint except Defendant avers that there was an agreement to compensate Defendant $100,000 per year for services.

74.         Defendant denies the allegations set forth in Paragraph 74 of the Complaint.

75.         Defendant denies the allegations set forth in Paragraph 75 of the Complaint**.**

**v.         The Investment Agreement**

76.         Defendant denies the allegations set forth in Paragraph 76 of the Complaint except Defendant admits the existence of the referenced agreement and refers the Court to the referenced agreement for its content, meaning and effect.

77.         Defendant denies the allegations set forth in Paragraph 77 of the Complaint except Defendant admits the existence of the referenced agreement and refers the Court to the referenced agreement for its content, meaning and effect.

78.         Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 78 of the Complaint.

79.         Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 79 of the Complaint.

80.         Defendant denies the allegations set forth in Paragraph 80 of the Complaint except Defendant admits that at certain points in time he managed certain of Arik Turjman's businesses.

*81.*       Defendant denies the allegations set forth in Paragraph 81 of the Complaint

82.       Defendant denies the allegations set forth in Paragraph 82 of the Complaint.

### E.       Badges of Fraud

83.       Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

84.       Defendant denies the allegations set forth in Paragraph 84 of the Complaint.

85.       Defendant denies the allegations set forth in Paragraph 85 of the Complaint.

86.       Defendant denies the allegations set forth in Paragraph 86 of the Complaint.

87.       Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

88.       Defendant denies the allegations set forth in Paragraph 88 of the Complaint.

89.       Defendant denies the allegations set forth in Paragraph 89 of the Complaint.

90.       Defendant denies the allegations set forth in Paragraph 90 of the Complaint.

91.       Defendant denies the allegations set forth in Paragraph 91 of the Complaint.

### F.       The Debtors' History of Insolvency and Undercapitalization

92.       Defendant denies the allegations set forth in Paragraph 92 of the Complaint.

93.       Defendant denies the allegations set forth in Paragraph 93 of the Complaint.

94.       Defendant denies the allegations set forth in Paragraph 94 of the Complaint.

95.       Defendant denies the allegations set forth in Paragraph 95 of the Complaint.

96.       Defendant denies the allegations set forth in Paragraph 96 of the Complaint.

97.       Defendant denies the allegations set forth in Paragraph 97 of the Complaint.

### AF-22, LLC'S ESTATE'S
### FIRST CLAIM FOR RELIEF
### AGAINST MOSHE MAMAN
### (Breach of Fiduciary Duty Pursuant to N.Y. BCL §720 and Common Law)

98.       Defendant restates and incorporates its answers set forth in paragraphs 1 through

10

97 above. Paragraph 98 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

99.      Defendant denies the allegations set forth in Paragraph 99 of the Complaint

100.      Defendant denies the allegations set forth in Paragraph 100 of the Complaint.

101.      Defendant denies the allegations set forth in Paragraph 101of the Complaint.

102.      Defendant denies the allegations set forth in Paragraph 102 of the Complaint.

103.      Defendant denies the allegations set forth in Paragraph 103 of the Complaint.

104.      Defendant denies the allegations set forth in Paragraph 104 of the Complaint.

105.      Defendant denies the allegations set forth in Paragraph 105 of the Complaint.

**AF-22, LLC'S ESTATE'S**
**SECOND CLAIM FOR RELIEF**
**AGAINST MOSHE MAMAN, GIDON MAMAN, LILACH MAMAN,**
**A STORES NY LTD., AND LOLA 8 WEST, LTD**
**(Contructive Fraudulent Transfer, Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a))**

106.      Defendant restates and incorporates its answers set forth in paragraphs 1 through 106 above. Paragraph 106 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

107.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 107 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

108.      Defendant denies the allegations set forth in Paragraph 108 of the Complaint.

109.      Defendant denies the allegations set forth in Paragraph 109 of the Complaint.

110.      Defendant denies the allegations set forth in Paragraph 110 of the Complaint.

111.     Defendant denies the allegations set forth in Paragraph 111 of the Complaint.

112.     Defendant denies the allegations set forth in Paragraph 112 of the Complaint.

113.     Defendant denies the allegations set forth in Paragraph 113 of the Complaint.

114.     Defendant denies the allegations set forth in Paragraph 114 of the Complaint.

115.     Defendant denies the allegations set forth in Paragraph 115 of the Complaint.

116.     Defendant denies the allegations set forth in Paragraph 116 of the Complaint.

117.     Defendant denies the allegations set forth in Paragraph 117 of the Complaint.

**AF-22, LLC'S ESTATE'S**
**THIRD CLAIM FOR RELIEF**
**AGAINST MOSHE MAMAN, GIDON MAMAN, LILACH MAMAN, MOSHE**
**LIRON, LOLA 8 WEST, LTD., AND A STORES, NY LTD.**
**(Intentional Fraudulent Transfer, Pursuant to 11 U.S.C. §§548 (a)(1)(A) and 550(a))**

118.     Defendant restates and incorporates its answers set forth in paragraphs 1 through

117 above. Paragraph 118 requires no responsive pleading. To the extent a response is required,

Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

119.     Defendant denies the allegations set forth in Paragraph 119 of the Complaint.

120.     Defendant denies the allegations set forth in Paragraph 120 of the Complaint.

121.     Defendant denies the allegations set forth in Paragraph 121 of the Complaint.

122.     Defendant denies the allegations set forth in Paragraph 122 of the Complaint.

123.     Defendant denies the allegations set forth in Paragraph 123 of the Complaint.

124.     Defendant denies the allegations set forth in Paragraph 124 of the Complaint.

125.     Defendant denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 125 of the Complaint Defendant except

Defendant refers the Court to the applicable bank records that will reflect the transfers that

occurred.

126.    Defendant denies the allegations set forth in Paragraph 126 of the Complaint.

127.    Defendant denies the allegations set forth in Paragraph 127 of the Complaint.

128.    Defendant denies the allegations set forth in Paragraph 128 of the Complaint.

129.    Defendant denies the allegations set forth in Paragraph 129 of the Complaint.

**AF-22, LLC'S ESTATE'S
FOURTH CLAIM FOR RELIEF
AGAINST MOSHE MAMAN, GIDON MAMAN, LILACH MAMAN, MOSHE
LIRON, LOLA 8 WEST, LTD., AND STORES, NY LTD.
(Constructive Fraudulent Transfer, Pursuant to 11 U.S.C. §§548 (a)(1)(A) and
550(a) and N.Y. Debt & Cred. Law § 274 and 275)**

130.    Defendant restates and incorporates its answers set forth in paragraphs 1 through 129 above. Paragraph 130 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

131.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 131 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

132.    Defendant denies the allegations set forth in Paragraph 132 of the Complaint.

133.    Defendant denies the allegations set forth in Paragraph 133 of the Complaint.

134.    Defendant denies the allegations set forth in Paragraph 134 of the Complaint.

135.    Defendant denies the allegations set forth in Paragraph 135 of the Complaint.

136.    Defendant denies the allegations set forth in Paragraph 136 of the Complaint.

137.    Defendant denies the allegations set forth in Paragraph 137 of the Complaint.

138.     Defendant denies the allegations set forth in Paragraph 139 of the Complaint.

139.     Defendant denies the allegations set forth in Paragraph 139 of the Complaint.

140.     Defendant denies the allegations set forth in Paragraph 140 of the Complaint.

141.     Defendant denies the allegations set forth in Paragraph 141 of the Complaint.

142.     Defendant denies the allegations set forth in Paragraph 142 of the Complaint.

143.     Defendant denies the allegations set forth in Paragraph 143 of the Complaint.

144.     Defendant denies the allegations set forth in Paragraph 144 of the Complaint.

**AF-22, LLC'S ESTATE'S**
**FIFTH CLAIM FOR RELIEF**
**AGAINST MOSHE MAMAN, GIDON MAMAN, LILACH MAMAN, MOSHE**
**LIRON, LOLA 8 WEST, LTD., AND A STORES, NY LTD.**
**(Intentional Fraudulent Transfer, Pursuant to 11 U.S.C. §§5 44 (b)(1)(A) and 550(a)**
**and N.Y. Debt & Cred. Law § 276)**

145.     Defendant restates and incorporates its answers set forth in paragraphs 1 through 144 above. Paragraph 145 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

146.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 146 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

147.     Defendant denies the allegations set forth in Paragraph 147 of the Complaint.

148.     Defendant denies the allegations set forth in Paragraph 148 of the Complaint.

149.     Defendant denies the allegations set forth in Paragraph 149 of the Complaint.

150.     Defendant denies the allegations set forth in Paragraph 150 of the Complaint.

14

151.        Defendant denies the allegations set forth in Paragraph 151 of the Complaint.

152.        Defendant denies the allegations set forth in Paragraph 152 of the Complaint.

153.        Defendant denies the allegations set forth in Paragraph 153 of the Complaint.

154.        Defendant denies the allegations set forth in Paragraph 154 of the Complaint.

155.        Defendant denies the allegations set forth in Paragraph 155 of the Complaint.

156.        Defendant denies the allegations set forth in Paragraph 156 of the Complaint.

157.        Defendant denies the allegations set forth in Paragraph 157 of the Complaint.

158.        Defendant denies the allegations set forth in Paragraph 158 of the Complaint.

159.        Defendant denies the allegations set forth in Paragraph 159 of the Complaint.

## AF-22, LLC'S ESTATE'S
## SIXTH CLAIM FOR RELIEF
## AGAINST MOSHE MAMAN, GIDON MAMAN, LILACH MAMAN, MOSHE LIRON, LOLA 8 WEST, LTD., AND A STORES, NY LTD.
### (Award of Attorneys' Fees, Pursuant to 11 U.S.C. §§ 544 (b)(1)(A) and 550(a) and N.Y. Debt & Cred. Law § 276-a)

160.        Defendant restates and incorporates its answers set forth in paragraphs 1 through 159 above. Paragraph 160 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

161.        Defendant denies the allegations set forth in Paragraph 161 of the Complaint.

162.        Defendant denies the allegations set forth in Paragraph 162 of the Complaint.

163.        Defendant denies the allegations set forth in Paragraph 163 of the Complaint.

164.        Defendant denies the allegations set forth in Paragraph 164 of the Complaint.

## AF-22, LLC'S ESTATE'S
## SEVENTH CLAIM FOR RELIEF
## AGAINST MOSHE MAMAN, GIDON MAMAN, LILACH MAMAN, MOSHE LIRON, LOLA 8 WEST, LTD., AND A STORES, NY LTD.

**(Preferential Transfer, Pursuant to 11 U.S.C. §§547 and 550(a))**
**(Pled in the Alternative to AF-22's Estate's Second, Third, Fourth, Fifth and Sixth**
**Claim for Relief)**

165.     Defendant restates and incorporates its answers set forth in paragraphs 1 through

164 above. Paragraph 165 requires no responsive pleading. To the extent a response is required,

Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

166.     Defendant denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 166 of the Complaint Defendant except

Defendant refers the Court to the applicable bank records that will reflect the transfers that

occurred.

167.     Defendant denies the allegations set forth in Paragraph 167 of the Complaint.

168.     Defendant denies the allegations set forth in Paragraph 168 of the Complaint.

169.     Defendant denies the allegations set forth in Paragraph 169 of the Complaint.

170.     Defendant denies the allegations set forth in Paragraph 170 of the Complaint.

171.     Defendant denies the allegations set forth in Paragraph 171 of the Complaint.

172.     Defendant denies the allegations set forth in Paragraph 172 of the Complaint.

173.     Defendant denies the allegations set forth in Paragraph 173 of the Complaint.

174.     Defendant denies the allegations set forth in Paragraph 174 of the Complaint.

175.     Defendant denies the allegations set forth in Paragraph 175 of the Complaint.

176.     Defendant denies the allegations set forth in Paragraph 176 of the Complaint.

177.     Defendant denies the allegations set forth in Paragraph 177 of the Complaint.

178.     Defendant denies the allegations set forth in Paragraph 178 of the Complaint.

179.     Defendant denies the allegations set forth in Paragraph 179 of the Complaint.

180.        Defendant denies the allegations set forth in Paragraph 180 of the Complaint.

181.        Defendant denies the allegations set forth in Paragraph 181 of the Complaint.

182.        Defendant denies the allegations set forth in Paragraph 182 of the Complaint.

183.        Defendant denies the allegations set forth in Paragraph 183 of the Complaint.

184.        Defendant denies the allegations set forth in Paragraph 184 of the Complaint.

185.        Defendant denies the allegations set forth in Paragraph 185 of the Complaint.

186.        Defendant denies the allegations set forth in Paragraph 186 of the Complaint.

## F-6 CHELSEA, INC.'S ESTATE'S
## FIRST CLAIM FOR RELIEF
## AGAINST MOSHE MAMAN
## (Breach of Fiduciary Duty Pursuant to N.Y. BCL §720 and common law)

187.        Defendant restates and incorporates its answers set forth in paragraphs 1 through

186 above. Paragraph 187 requires no responsive pleading. To the extent a response is required,

Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

188.        Defendant denies the allegations set forth in Paragraph 188 of the Complaint.

189.        Defendant denies the allegations set forth in Paragraph 189 of the Complaint.

190.        Defendant denies the allegations set forth in Paragraph 190 of the Complaint.

191.        Defendant denies the allegations set forth in Paragraph 191 of the Complaint.

192.        Defendant denies the allegations set forth in Paragraph 192 of the Complaint.

193.        Defendant denies the allegations set forth in Paragraph 193 of the Complaint.

194.        Defendant denies the allegations set forth in Paragraph 194 of the Complaint.

**F-6 CHELSEA, INC.'S ESTATE'S**
**SECOND CLAIM FOR RELIEF**
**AGAINST MOSHE MAMAN, ESPRESSO KITCHEN, INC.,**
**A STORES NY LTD., PAKOD, INC., AND LOLA 8 WEST, LTD**
**(Constructive Fraudulent Transfer, Pursuant to 11U.S.C. §§548(a)(1)(B)and 550 (a))**

195.      Defendant restates and incorporates its answers set forth in paragraphs 1 through 194 above. Paragraph 195 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

196.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 196 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

197.      Defendant denies the allegations set forth in Paragraph 197 of the Complaint.

198.      Defendant denies the allegations set forth in Paragraph 198 of the Complaint.

199.      Defendant denies the allegations set forth in Paragraph 199 of the Complaint.

200.      Defendant denies the allegations set forth in Paragraph 200 of the Complaint.

201.      Defendant denies the allegations set forth in Paragraph 201 of the Complaint.

202.      Defendant denies the allegations set forth in Paragraph 202 of the Complaint.

203.      Defendant denies the allegations set forth in Paragraph 203 of the Complaint.

204.      Defendant denies the allegations set forth in Paragraph 204 of the Complaint.

205.      Defendant denies the allegations set forth in Paragraph 206 of the Complaint.

206.      Defendant denies the allegations set forth in Paragraph 207 of the Complaint.

**F-6 CHELSEA, INC.'S ESTATE'S**
**THIRD CLAIM FOR RELIEF**

**AGAINST ESPRESSO KITCHEN, INC.,
A STORES NY LTD., AND PAKOD, INC.
(Intentional Fraudulent Transfer, Pursuant to 11U.S.C. §§548(a)(1)(A)and 550 (a))**

207.        Defendant restates and incorporates its answers set forth in paragraphs 1 through

206 above. Paragraph 207 requires no responsive pleading. To the extent a response is required,

Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

208.        Defendant denies the allegations set forth in Paragraph 208 of the Complaint.

209.        Defendant denies the allegations set forth in Paragraph 209 of the Complaint.

210.        Defendant denies the allegations set forth in Paragraph 210 of the Complaint.

211.        Defendant denies the allegations set forth in Paragraph 211 of the Complaint.

212.        Defendant denies the allegations set forth in Paragraph 212 of the Complaint.

213.        Defendant denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 213 of the Complaint Defendant except

Defendant refers the Court to the applicable bank records that will reflect the transfers that

occurred.

214.        Defendant denies the allegations set forth in Paragraph 214 of the Complaint.

215.        Defendant denies the allegations set forth in Paragraph 215 of the Complaint.

216.        Defendant denies the allegations set forth in Paragraph 216 of the Complaint.

217.        Defendant denies the allegations set forth in Paragraph 217 of the Complaint.

19

## F-6 CHELSEA, INC.'S ESTATE'S
## FOURTH CLAIM FOR RELIEF
## AGAINST ESPRESSO KITCHEN, INC.,
## A STORES NY LTD., PAKOD, INC., AND LOLA 8 WEST, LTD
## (Constructive Fraudulent Transfer, Pursuant to 11U.S.C. §§544(b)(1)(A)and 550 (a) and N.Y. Debt & Cred. Law §274 and 275 )

218.      Defendant restates and incorporates its answers set forth in paragraphs 1 through

217 above. Paragraph 218 requires no responsive pleading. To the extent a response is required,

Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

219.      Defendant denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 219 of the Complaint Defendant except

Defendant refers the Court to the applicable bank records that will reflect the transfers that

occurred.

220.      Defendant denies the allegations set forth in Paragraph 220 of the Complaint.

221.      Defendant denies the allegations set forth in Paragraph 221 of the Complaint.

222.      Defendant denies the allegations set forth in Paragraph 222 of the Complaint.

223.      Defendant denies the allegations set forth in Paragraph 223 of the Complaint.

224.      Defendant denies the allegations set forth in Paragraph 224 of the Complaint.

225.      Defendant denies the allegations set forth in Paragraph 225 of the Complaint.

226.      Defendant denies the allegations set forth in Paragraph 226 of the Complaint.

227.      Defendant denies the allegations set forth in Paragraph 227 of the Complaint.

228.      Defendant denies the allegations set forth in Paragraph 228 of the Complaint.

229.      Defendant denies the allegations set forth in Paragraph 229 of the Complaint.

230.      Defendant denies the allegations set forth in Paragraph 230 of the Complaint.

231.        Defendant denies the allegations set forth in Paragraph 231 of the Complaint.

### F-6 CHELSEA, INC.'S ESTATE'S
### FIFTH CLAIM FOR RELIEF
### AGAINST ESPRESSO KITCHEN, INC.,
### A STORES NY LTD., PAKOD, INC., AND LOLA 8 WEST, LTD
### (Intentional Fraudulent Transfer, Pursuant to 11 U.S.C. §§544(b)(1)(A)and 550 (a) and N.Y. Debt & Cred. Law §276)

232.        Defendant restates and incorporates its answers set forth in paragraphs 1 through 231 above. Paragraph 232 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

233.        Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 233 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

234.        Defendant denies the allegations set forth in Paragraph 234 of the Complaint.

235.        Defendant denies the allegations set forth in Paragraph 235 of the Complaint.

236.        Defendant denies the allegations set forth in Paragraph 236 of the Complaint.

237.        Defendant denies the allegations set forth in Paragraph 237 of the Complaint.

238.        Defendant denies the allegations set forth in Paragraph 238 of the Complaint.

239.        Defendant denies the allegations set forth in Paragraph 239 of the Complaint.

240.        Defendant denies the allegations set forth in Paragraph 240 of the Complaint.

241.        Defendant denies the allegations set forth in Paragraph 241 of the Complaint.

242.        Defendant denies the allegations set forth in Paragraph 242 of the Complaint.

243.        Defendant denies the allegations set forth in Paragraph 243 of the Complaint.

244.    Defendant denies the allegations set forth in Paragraph 244 of the Complaint.

245.    Defendant denies the allegations set forth in Paragraph 245 of the Complaint.

### F-6 CHELSEA, INC.'S ESTATE'S
### SIXTH CLAIM FOR RELIEF
### AGAINST ESPRESSO KITCHEN, INC.,
### A STORES NY LTD., PAKOD, INC., AND LOLA 8 WEST, LTD
### (Award of Attorneys' Fees, Pursuant to 11 U.S.C. §§544(b)(1)(A)and 550(a) and
### N.Y. Debt & Cred. Law §276-a)

246.    Defendant restates and incorporates its answers set forth in paragraphs 1 through
245 above. Paragraph 246 requires no responsive pleading. To the extent a response is required,
Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

247.    Defendant denies the allegations set forth in Paragraph 247 of the Complaint.

248.    Defendant denies the allegations set forth in Paragraph 248 of the Complaint.

249.    Defendant denies the allegations set forth in Paragraph 249 of the Complaint.

250.    Defendant denies the allegations set forth in Paragraph 250 of the Complaint.

### F-6 CHELSEA, INC.'S ESTATE'S
### SEVENTH CLAIM FOR RELIEF
### AGAINST MOSHE MAMAN, ESPRESSO KITCHEN, INC.,
### A STORES NY LTD., AND PAKOD, INC.
### (Preferential Transfer, Pursuant to 11 U.S.C. §§ 547and 550(a))
### (Pled in the Alternative to F-6 Chelsea Inc's Estate's Second, Third, Fourth, Fifth
### and Sixth Claim for Relief)

251.    Defendant restates and incorporates its answers set forth in paragraphs 1 through
250 above. Paragraph 251 requires no responsive pleading. To the extent a response is required,
Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

252.    Defendant denies knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations contained in Paragraph 252 of the Complaint Defendant except

Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

253.     Defendant denies the allegations set forth in Paragraph 253 of the Complaint.

254.     Defendant denies the allegations set forth in Paragraph 254 of the Complaint.

255.     Defendant denies the allegations set forth in Paragraph 255 of the Complaint.

256.     Defendant denies the allegations set forth in Paragraph 256 of the Complaint.

257.     Defendant denies the allegations set forth in Paragraph 257 of the Complaint.

258.     Defendant denies the allegations set forth in Paragraph 258 of the Complaint.

259.     Defendant denies the allegations set forth in Paragraph 259 of the Complaint.

260.     Defendant denies the allegations set forth in Paragraph 260 of the Complaint.

261.     Defendant denies the allegations set forth in Paragraph 261 of the Complaint.

262.     Defendant denies the allegations set forth in Paragraph 262 of the Complaint.

263.     Defendant denies the allegations set forth in Paragraph 263 of the Complaint.

264.     Defendant denies the allegations set forth in Paragraph 264 of the Complaint.

265.     Defendant denies the allegations set forth in Paragraph 265 of the Complaint.

266.     Defendant denies the allegations set forth in Paragraph 266 of the Complaint.

**AF-1, LLC'S ESTATE'S**
**FIRST CLAIM FOR RELIEF**
**AGAINST MOSHE MAMAN**
**(Breach of Fiduciary Duty Pursuant to N.Y. BCL § 720 and Common Law)**

267.     Defendant restates and incorporates its answers set forth in paragraphs 1 through 266 above. Paragraph 267 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

268.    Defendant denies the allegations set forth in Paragraph 268 of the Complaint.

269.    Defendant denies the allegations set forth in Paragraph 269 of the Complaint.

270.    Defendant denies the allegations set forth in Paragraph 270 of the Complaint.

271.    Defendant denies the allegations set forth in Paragraph 271 of the Complaint.

272.    Defendant denies the allegations set forth in Paragraph 272 of the Complaint.

273.    Defendant denies the allegations set forth in Paragraph 273 of the Complaint.

274.    Defendant denies the allegations set forth in Paragraph 274 of the Complaint.

**AF-1, LLC'S ESTATE'S**
**SECOND CLAIM FOR RELIEF**
**AGAINST MOSHE MAMAN, GIDON MAMAN, MOSHE LIRON, LOLA 8**
**WEST, LTD., AND LOLA 339 FORDHAM ROAD, INC.**
**(Constructive Fraudulent Transfer, Pursuant to 11 U.S.C. §§548 (a)(1)(B)and**
**550(a))**

275.    Defendant restates and incorporates its answers set forth in paragraphs 1 through 274 above. Paragraph 275 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

276.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 276 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

277.    Defendant denies the allegations set forth in Paragraph 277 of the Complaint.

278.    Defendant denies the allegations set forth in Paragraph 278 of the Complaint.

279.    Defendant denies the allegations set forth in Paragraph 279 of the Complaint.

280.    Defendant denies the allegations set forth in Paragraph 280 of the Complaint.

281.     Defendant denies the allegations set forth in Paragraph 281 of the Complaint.

282.     Defendant denies the allegations set forth in Paragraph 282 of the Complaint.

283.     Defendant denies the allegations set forth in Paragraph 283 of the Complaint.

284.     Defendant denies the allegations set forth in Paragraph 284 of the Complaint.

285.     Defendant denies the allegations set forth in Paragraph 285 of the Complaint.

286.     Defendant denies the allegations set forth in Paragraph 286 of the Complaint.

**AF-1, LLC'S ESTATE'S
THIRD CLAIM FOR RELIEF
AGAINST GIDON MAMAN, MOSHE LIRON, LOLA 8 WEST, LTD., AND
LOLA 339 FORDHAM ROAD, INC.
(Intentional Fraudulent Transfer, Pursuant to 11 U.S.C. §§ 548 (a)(1)(A)and 550(a))**

287.     Defendant restates and incorporates its answers set forth in paragraphs 1 through 286 above. Paragraph 287 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

288.     Defendant denies the allegations set forth in Paragraph 288 of the Complaint.

289.     Defendant denies the allegations set forth in Paragraph 289 of the Complaint.

290.     Defendant denies the allegations set forth in Paragraph 290 of the Complaint.

291.     Defendant denies the allegations set forth in Paragraph 291 of the Complaint.

292.     Defendant denies the allegations set forth in Paragraph 292 of the Complaint.

293.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 293 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

294.     Defendant denies the allegations set forth in Paragraph 294 of the Complaint.

295.      Defendant denies the allegations set forth in Paragraph 295 of the Complaint.

296.      Defendant denies the allegations set forth in Paragraph 296 of the Complaint.

297.      Defendant denies the allegations set forth in Paragraph 297 of the Complaint.

### AF-1, LLC'S ESTATE'S
### FOURTH CLAIM FOR RELIEF
### AGAINST MOSHE MAMAN, GIDON MAMAN, MOSHE LIRON, LOLA 8
### WEST, LTD., AND LOLA 339 FORDHAM ROAD, INC.
### (Constructive Fraudulent Transfer, Pursuant to 11 U.S.C. §§ 544 (b)(1)(A) and
### 550(a) and N.Y. Debt & Cred. Law §274 and 275)

298.      Defendant restates and incorporates its answers set forth in paragraphs 1 through

297 above. Paragraph 298 requires no responsive pleading. To the extent a response is required,

Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

299.      Defendant denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 299 of the Complaint Defendant except

Defendant refers the Court to the applicable bank records that will reflect the transfers that

occurred.

300.      Defendant denies the allegations set forth in Paragraph 300 of the Complaint.

301.      Defendant denies the allegations set forth in Paragraph 301 of the Complaint.

302.      Defendant denies the allegations set forth in Paragraph 302 of the Complaint.

303.      Defendant denies the allegations set forth in Paragraph 303 of the Complaint.

304.      Defendant denies the allegations set forth in Paragraph 304 of the Complaint.

305.      Defendant denies the allegations set forth in Paragraph 305 of the Complaint.

306.      Defendant denies the allegations set forth in Paragraph 306 of the Complaint.

307.      Defendant denies the allegations set forth in Paragraph 307 of the Complaint.

308.        Defendant denies the allegations set forth in Paragraph 308 of the Complaint.

309.        Defendant denies the allegations set forth in Paragraph 309 of the Complaint.

310.        Defendant denies the allegations set forth in Paragraph 310 of the Complaint.

311.        Defendant denies the allegations set forth in Paragraph 311 of the Complaint.

**AF-1, LLC'S ESTATE'S
FIFTH CLAIM FOR RELIEF
AGAINST MOSHE MAMAN, GIDON MAMAN, MOSHE LIRON, LOLA 8
WEST, LTD., AND LOLA 339 FORDHAM ROAD, INC.
<u>(Intentional Fraudulent Transfer, Pursuant to 11 U.S.C. §§ 544 (b)(1)(A)and 550(a)
and N.Y. Debt & Cred. Law §276)</u>**

312.        Defendant restates and incorporates its answers set forth in paragraphs 1 through
311 above. Paragraph 312 requires no responsive pleading. To the extent a response is required,
Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

313.        Defendant denies knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations contained in Paragraph 313 of the Complaint Defendant except
Defendant refers the Court to the applicable bank records that will reflect the transfers that
occurred.

314.        Defendant denies the allegations set forth in Paragraph 314 of the Complaint.

315.        Defendant denies the allegations set forth in Paragraph 315 of the Complaint.

316.        Defendant denies the allegations set forth in Paragraph 316 of the Complaint.

317.        Defendant denies the allegations set forth in Paragraph 317 of the Complaint.

318.        Defendant denies the allegations set forth in Paragraph 318 of the Complaint.

319.        Defendant denies the allegations set forth in Paragraph 319 of the Complaint.

320.        Defendant denies the allegations set forth in Paragraph 320 of the Complaint.

321.    Defendant denies the allegations set forth in Paragraph 321 of the Complaint.

322.    Defendant denies the allegations set forth in Paragraph 322 of the Complaint.

323.    Defendant denies the allegations set forth in Paragraph 323 of the Complaint.

324.    Defendant denies the allegations set forth in Paragraph 324 of the Complaint.

325.    Defendant denies the allegations set forth in Paragraph 325 of the Complaint

## AF-1, LLC'S ESTATE'S
## SIXTH CLAIM FOR RELIEF
## AGAINST MOSHE MAMAN, GIDON MAMAN, MOSHE LIRON, LOLA 8 WEST, LTD., AND LOLA 339 FORDHAM ROAD, INC.
## (Award of Attorneys' Fees, Pursuant to 11 U.S.C. §§ 544 (b)(1)(A)and 550(a) and N.Y. Debt & Cred. Law §276-a)

326.    Defendant restates and incorporates its answers set forth in paragraphs 1 through 325 above. Paragraph 326 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

327.    Defendant denies the allegations set forth in Paragraph 327 of the Complaint.

328.    Defendant denies the allegations set forth in Paragraph 328 of the Complaint.

329.    Defendant denies the allegations set forth in Paragraph 329 of the Complaint.

330.    Defendant denies the allegations set forth in Paragraph 330 of the Complaint.

## EXPRESSO STORES, INC.'S ESTATE'S
## FIRST CLAIM FOR RELIEF
## AGAINST MOSHE MAMAN
## (Breach of Fiduciary Duty, Pursuant to N.Y. BCL § 720 and Common Law)

331.    Defendant restates and incorporates its answers set forth in paragraphs 1 through 330 above. Paragraph 331 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

332.        Defendant denies the allegations set forth in Paragraph 332 of the Complaint.

333.        Defendant denies the allegations set forth in Paragraph 333 of the Complaint.

334.        Defendant denies the allegations set forth in Paragraph 334 of the Complaint.

335.        Defendant denies the allegations set forth in Paragraph 335 of the Complaint.

336.        Defendant denies the allegations set forth in Paragraph 336 of the Complaint.

337.        Defendant denies the allegations set forth in Paragraph 337 of the Complaint.

338.        Defendant denies the allegations set forth in Paragraph 338 of the Complaint.

**ESPRESSO STORES INC.'S ESTATE'S**
**SECOND CLAIM FOR RELIEF**
**AGAINST MOSHE MAMAN, ESPRESSO KITCHEN INC., AND A STORES NY**
**LTD.**
**(Constructive Fraudulent Transfer, Pursuant to 11 U.S.C. §§ 548 (a)(1)(B)and**
**550(a))**

339.        Defendant restates and incorporates its answers set forth in paragraphs 1 through

338 above. Paragraph 339 requires no responsive pleading. To the extent a response is required,

Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

340.        Defendant denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 340 of the Complaint Defendant except

Defendant refers the Court to the applicable bank records that will reflect the transfers that

occurred.

341.        Defendant denies the allegations set forth in Paragraph 341 of the Complaint.

342.        Defendant denies the allegations set forth in Paragraph 342 of the Complaint.

343.        Defendant denies the allegations set forth in Paragraph 343 of the Complaint.

344.        Defendant denies the allegations set forth in Paragraph 344 of the Complaint.

345.        Defendant denies the allegations set forth in Paragraph 345 of the Complaint.

346.        Defendant denies the allegations set forth in Paragraph 346 of the Complaint.

347.        Defendant denies the allegations set forth in Paragraph 347 of the Complaint.

348.        Defendant denies the allegations set forth in Paragraph 348 of the Complaint.

### ESPRESSO STORES INC.'S ESTATE'S
### THIRD CLAIM FOR RELIEF
### AGAINST MOSHE MAMAN, ESPRESSO KITCHEN INC., AND A STORES NY LTD.
### (Intentional Fraudulent Transfer, Pursuant to 11 U.S.C. §§ 548 (a)(1)(A)and 550(a))

349.        Defendant restates and incorporates its answers set forth in paragraphs 1 through 348 above. Paragraph 349 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

350.        Defendant denies the allegations set forth in Paragraph 350 of the Complaint.

351.        Defendant denies the allegations set forth in Paragraph 351 of the Complaint.

352.        Defendant denies the allegations set forth in Paragraph 352 of the Complaint.

353.        Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 353 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

354.        Defendant denies the allegations set forth in Paragraph 354 of the Complaint.

355.        Defendant denies the allegations set forth in Paragraph 355 of the Complaint.

356.        Defendant denies the allegations set forth in Paragraph 356 of the Complaint.

357.        Defendant denies the allegations set forth in Paragraph 357 of the Complaint.

## ESPRESSO STORES INC.'S ESTATE'S
## FOURTH CLAIM FOR RELIEF
## AGAINST MOSHE MAMAN, ESPRESSO KITCHEN INC., AND A STORES NY LTD.
### (Constructive Fraudulent Transfer, Pursuant to 11 U.S.C. §§ 544 (b)(1)(A) and 550(a) and N.Y. Debt & Cred. Law § 274 and 275 )

358.     Defendant restates and incorporates its answers set forth in paragraphs 1 through 357 above. Paragraph 358 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

359.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 359 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

360.     Defendant denies the allegations set forth in Paragraph 360 of the Complaint.

361.     Defendant denies the allegations set forth in Paragraph 361 of the Complaint.

362.     Defendant denies the allegations set forth in Paragraph 362 of the Complaint.

363.     Defendant denies the allegations set forth in Paragraph 363 of the Complaint.

364.     Defendant denies the allegations set forth in Paragraph 364 of the Complaint.

365.     Defendant denies the allegations set forth in Paragraph 365 of the Complaint.

366.     Defendant denies the allegations set forth in Paragraph 366 of the Complaint.

367.     Defendant denies the allegations set forth in Paragraph 367 of the Complaint.

368.     Defendant denies the allegations set forth in Paragraph 368 of the Complaint.

369.     Defendant denies the allegations set forth in Paragraph 369 of the Complaint.

### ESPRESSO STORES INC.'S ESTATE'S
### FIFTH CLAIM FOR RELIEF
### AGAINST MOSHE MAMAN, ESPRESSO KITCHEN INC., AND A STORES NY LTD.
### (Intentional Fraudulent Transfer, Pursuant to 11 U.S.C. §§ 544 (b)(1)(A)and 550(a) and N.Y. Debt & Cred. Law § 276 )

370.     Defendant restates and incorporates its answers set forth in paragraphs 1 through 369 above. Paragraph 370 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

371.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 371 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

372.     Defendant denies the allegations set forth in Paragraph 372 of the Complaint.

373.     Defendant denies the allegations set forth in Paragraph 373 of the Complaint.

374.     Defendant denies the allegations set forth in Paragraph 374 of the Complaint.

375.     Defendant denies the allegations set forth in Paragraph 375 of the Complaint.

376.     Defendant denies the allegations set forth in Paragraph 376 of the Complaint.

377.     Defendant denies the allegations set forth in Paragraph 377 of the Complaint.

378.     Defendant denies the allegations set forth in Paragraph 378 of the Complaint.

379.     Defendant denies the allegations set forth in Paragraph 379 of the Complaint.

380.     Defendant denies the allegations set forth in Paragraph 380 of the Complaint.

381.     Defendant denies the allegations set forth in Paragraph 381 of the Complaint.

**ESPRESSO STORES INC.'S ESTATE'S**
**SIXTH CLAIM FOR RELIEF**
**AGAINST MOSHE MAMAN, ESPRESSO KITCHEN INC., AND A STORES NY LTD.**
**(Award of Attorneys' Fees, Pursuant to 11 U.S.C. §§ 544 (b)(1)(A)and 550(a) and N.Y. Debt & Cred. Law § 276-a )**

382.     Defendant restates and incorporates its answers set forth in paragraphs 1 through 381 above. Paragraph 382 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

383.     Defendant denies the allegations set forth in Paragraph 383 of the Complaint.

384.     Defendant denies the allegations set forth in Paragraph 384 of the Complaint.

385.     Defendant denies the allegations set forth in Paragraph 385 of the Complaint.

386.     Defendant denies the allegations set forth in Paragraph 386 of the Complaint.

**ESPRESSO STORES INC.'S ESTATE'S**
**SEVENTH CLAIM FOR RELIEF**
**AGAINST MOSHE MAMAN, ESPRESSO KITCHEN INC., AND A STORES NY LTD.**
**(Preferential Transfer, Pursuant to 11 U.S.C. §§ 547 and 550(a))**
**(Pled in the Alternative to Espresso Stores, Inc.'s Estate's Second, Third, Fourth, Fifth and Sixth Claim for Relief)**

387.     Defendant restates and incorporates its answers set forth in paragraphs 1 through 386 above. Paragraph 387 requires no responsive pleading. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

388.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 388 of the Complaint Defendant except Defendant refers the Court to the applicable bank records that will reflect the transfers that occurred.

389.       Defendant denies the allegations set forth in Paragraph 389 of the Complaint.

390.       Defendant denies the allegations set forth in Paragraph 390 of the Complaint.

391.       Defendant denies the allegations set forth in Paragraph 391 of the Complaint.

392.       Defendant denies the allegations set forth in Paragraph 392 of the Complaint.

393.       Defendant denies the allegations set forth in Paragraph 393 of the Complaint.

394.       Defendant denies the allegations set forth in Paragraph 394 of the Complaint.

395.       Defendant denies the allegations set forth in Paragraph 395 of the Complaint.

396.       Defendant denies the allegations set forth in Paragraph 396 of the Complaint.

397.       Defendant denies the allegations set forth in Paragraph 397 of the Complaint.

398.       Defendant denies the allegations set forth in Paragraph 398 of the Complaint.

399.       Defendant denies the allegations set forth in Paragraph 399 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

400.       The complaint fails to state any claim against Defendant upon which relief could be granted.

## SECOND AFFIRMATIVE DEFENSE

401.       The claims in the complaint are barred because the Defendant was not the transferee of the funds, and/or the alleged transfers were not for the benefit of Defendant.

## THIRD AFFIRMATIVE DEFENSE

402.       The claims are barred because the Debtors received fair consideration or reasonably equivalent value for the alleged transfers.

34

## FOURTH AFFIRMATIVE DEFENSE

403.     The claims are barred because the Debtors were not insolvent at the time of the

alleged transfers

## FIFTH AFFIRMATIVE DEFENSE

404.     The breach of fiduciary duty claims are barred based on the business judgment

rule.

## SIXTH AFFIRMATIVE DEFENSE

405.     The preference claims are barred pursuant to 11 U.S.C. §547(c)(2), to the extent

that any of the alleged transfers were in payment of a debt incurred by the Debtors in the ordinary

course of business or financial affairs of the Debtors, and the alleged transfers were (A) made in

the ordinary course of business or financial affairs of the Debtors; or (B) made according to

ordinary business terms.

## SEVENTH AFFIRMATIVE DEFENSE

406.     The preference claims are barred pursuant to 11 U.S.C. §547(c)(4), to the extent

that after such transfers, the Defendant gave new value to or for the benefit of the Debtors (A) not

secured by an otherwise unavoidable security interest, and (B) on account of which new value the

Debtors did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

407.     The preference claims are barred pursuant to 11 U.S.C. §547(c)(1), to the extent

that any such transfers were (A) intended by the Debtors and the Defendant to be a

contemporaneous exchange for new value; and (B) were in fact a substantially contemporaneous

exchange.

## NINTH AFFIRMATIVE DEFENSE

408.     Defendant asserts all rights of set off, recoupment and unjust enrichment available under applicable law.

## TENTH AFFIRMATIVE DEFENSE

409.     This court lacks jurisdiction over the final adjudication of some or call of the claims asserted in the complaint against Defendant under <u>Stern v. Marshall</u>, 131 S. Ct. 2594 (2011) and its progeny. Defendant does not consent to (and objects to) the entry of final orders or judgment by the bankruptcy judge. Defendant further demands a trial by jury.

## ELEVENTH AFFIRMATIVE DEFENSE

410.     The claims are barred under 11 U.S.C. § 548(c) because the transferees of the transfers received the transfers in good faith and for value.

## TWELFTH AFFIRMATIVE DEFENSE

411.     Defendant hereby asserts all defenses available under applicable federal, state law or other law.

## RESERVATION OF RIGHTS TO AMEND

412.     Defendant reserves the right to amend this Answer and assert any additional defenses, including any affirmative defenses, which might arise through the discovery process, or otherwise, under applicable bankruptcy or non-bankruptcy law.

## JURY DEMAND

Defendant respectfully demands a trial by jury as to all issues that may be heard by a jury before a Judge appointed under Article III of the United States Constitution.

**WHEREFORE**, Defendant respectfully request entry of judgment dismissing the complaint, and all claims asserted therein, with prejudice as against him, for the costs and disbursements of this action, and for such other relief as is proper.

Dated: White Plains, New York
August 15, 2018

DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for Defendant Moshe Maman*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200

By: */s/ Steven R. Schoenfeld*
Steven R. Schoenfeld
Jonathan S. Pasternak

To:

**Jil Mazer-Marino**
Meyer, Suozzi, English & Klein, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, NY 11530-9194
Tel: (516) 741-6565

Attorneys for the Trustee

37